```
 1
 2
 3
 4
 5
 6
 7                    IN THE UNITED STATES DISTRICT COURT
 8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 9   SCOTT N. JOHNSON,
10                     Plaintiff,
11        v.                                CIV. NO. S-07-1829 LKK/DAD
12
     STEVEN D. ADAMS; DIANE L.
13   ADAMS; SACRAMENTO FAMILY
     MEDICAL CLINIC, INC.,
14   individually and dba
     SACRAMENTO FAMILY MEDICAL
15   CLINIC,                                     RELATED CASE ORDER
16
                       Defendants.
17   _____/
     SCOTT N. JOHNSON,
18
                       Plaintiff,
19
          v.                                CIV. NO. S-07-1845 LEW/EFB
20
     AARON E. ADAIR and BARBARA A.
21   ADAIR, each individually and
     each as TRUSTEES OF THE ADAIR
22   REVOCABLE LIVING TRUST, dated
     February 26, 1986; SACRAMENTO
23   MEDICAL CLINIC, INC., individually
     and dba SACRAMENTO FAMILY MEDICAL
24   CLINIC,
25                     Defendants.
     _____/
26

                                    1
```

```
 1  SCOTT N. JOHNSON,
 2                    Plaintiff,
 3       v.                                CIV. S-07-1846 GEB/EFB
 4
    WORTHMANN FAMILY PARTNERSHIP,
 5  L.P.; SACRAMENTO FAMILY
    MEDICAL CLINIC., INC.,
 6  individually and dba SACRAMENTO
    FAMILY MEDICAL CLINIC,
 7
 8                    Defendants.
                                      /
 9  SCOTT N. JOHNSON,
10                    Plaintiff,
                                          CIV. S-07-1851 GEB/KJM
11       v.
12  SYLVA FAMILY PROPERTIES, a
    CALIFORNIA GENERAL PARTNERSHIP;
13  SACRAMENTO FAMILY MEDICAL
    CLINIC, INC., individually and
14  dba SACRAMENTO FAMILY MEDICAL
    CLINIC,
15
                      Defendants.
16                                    /
```

Examination of the above-entitled actions reveals that the four (4) actions are related within the meaning of Local Rule 83-123 for the reasons that all four actions involve the same parties, are based on the same or similar claims, involve the same property, transaction or event and involve similar questions of fact and the same question of law.

Accordingly, the assignment of the matters to the same judge and magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

1    The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that the three (3) actions are assigned to the same judge and magistrate judge; no consolidation of the actions is effected.  Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

    IT IS THEREFORE ORDERED that the actions denominated CIV. NO. S-07-1845 LEW/EFB, CIV. NO. S-07-1846 GEB/EFB and CIV. NO. S-07-1851 GEB/KJM be, and the same hereby are, reassigned to Judge Lawrence K. Karlton and Magistrate Judge Dale A. Drozd for all further proceedings, and any dates currently set in the reassigned cases <u>only</u>, are hereby VACATED.  Henceforth, the caption on documents filed in the reassigned cases shall be shown as CIV. NO. S-07-1845 LKK/DAD, CIV. NO. S-07-1846 LKK/DAD and CIV. NO. S-07-1851 LKK/DAD, respectively.

    IT IS FURTHER ORDERED that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

    DATED: October 17, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT